# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Oliver

 v.

Farmer

April 16, 1998

Case No. CL970841

BY JUDGE JOHN E. KLOCH

 This matter came on to be heard upon the Plea in Bar filed by the Defendant, asserting that the Plaintiff's claim is time barred by virtue of the applicable statute of limitations. After hearing argument on the issue, the matter was taken under advisement. Subsequently, both sides submitted legal memoranda in support of their respective positions.

 The event which is the subject of this negligence suit occurred on July 12, 1994. On July 8, 1996, the Plaintiff filed a Motion for Judgment (CL960565) alleging negligence on the part of the Defendant with resultant personal injuries and other damages. On November 18, 1996, pursuant to Virginia Code § 8.01-335, a discontinuance order was entered by this Court directing the Clerk to place the file with the ended cases. Thereafter, nearly ten months later, on September 3, 1997, pursuant to Code § 8.01-380(B), a voluntary nonsuit was entered by this Court, as requested by the Plaintiff. On September 23, 1997, a second Motion for Judgment (CL970841) was filed seeking personal injury damages for the same incident. The Defendant was served in this case on October 2, 1997.

 Pursuant to Code § 8.01-243(A), an action for personal injuries must be brought within two years of the action accruing. Here, the action accrued on the date of the accident, July 12, 1994. The Motion for Judgment in this case was filed more than two years after the date of the accident. However, under Code § 8.01-229(E)(3), where a voluntary nonsuit is taken, the Statute of Limitations is tolled by the commencement of the nonsuited action, and the

Plaintiff may recommence the action within six months of the date of the nonsuit order.

The question is whether the discontinuance ended the case, or was there a residual left for the Plaintiff to "nonsuit" even though the discontinuance had become final according to its terms. If the discontinuance order ended the case, then the nonsuit is a nullity, and the Plaintiff does not get the benefit of the tolled Statute of Limitations for six months after the nonsuit.

Under Code § 8.01-335(A), in an action where a pretrial order has not been entered and there has been no order or proceeding for two years, the court may, in its discretion, order it to be struck from the docket and "discontinued." In this case, a discontinuance order was entered after a much shorter time than two years. But even as to cases discontinued after two years, "Any case discontinued under the provisions of [§ 8.01-335(A) or (B)] may be reinstated, on motion, after notice to the parties in interest if known, within one year from the date of such order but not after." This provision indicates that a discontinuance does not "end" the case since the Court still has the authority to "reinstate" the case for one year after the date of the discontinuance order.

In the present case, the Plaintiff filed his motion for nonsuit within one year of the discontinuance order. Although a better practice may have been to first file a motion to reinstate the case and then nonsuit it, the failure to do so is not fatal to his cause for the reason that there does exist some residual to the case which can be nonsuited, the residual being the Plaintiff's right to have the discontinuance vacated during the time remaining under the statute, at least one year after the November 18, 1996, discontinuance order, and conceivably as late as July 8, 1999.

Since the discontinuance was not a "final order" as defined in Rule 1:1, Rules of the Supreme Court of Virginia, or elsewhere in the Rules or the Code, this Court had the authority and appropriately entered the Order of nonsuit, tolling the Statute of Limitations, and allowing the Plaintiff until March 2, 1998, to recommence this action. The second Motion for Judgment was clearly filed within that time frame. For these reasons, the Defendant's Plea in Bar is overruled.